CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED for Roanoke
AUG 2 8 2007
JOHN F. CORCORAN, CLERK
BY: /s/ Fay Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RODNEY WILSON, | ) |
| Petitioner, | ) Case No. 7:07CV00267 |
| v. | ) MEMORANDUM OPINION |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) By: Hon. Norman K. Moon<br>United States District Judge |

Petitioner Rodney Wilson ("Wilson"), proceeding pro se, brings this action as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (2006). Wilson claims ineffective assistance of counsel, prosecutorial misconduct, and also denial of a fair trial. Respondent filed a Motion to Dismiss to which Wilson filed a timely response, making the matter ripe for the court's consideration. The court finds that Wilson's claims lack merit and conclude that the Motion to Dismiss must be granted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 17, 2003, a federal grand jury returned a thirty-six count indictment against Wilson and ten other defendants. On October 7, 2004, a grand jury returned a superseding thirteen count indictment against Wilson, charging him with: conspiracy to distribute or possession with the intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (Count One); distribution or the aiding and abetting of the distribution of more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Counts Two, Three, Four, Five, Six, Seven, and Eight); distribution or aiding and abetting of the distribution of cocaine base, in violation of 21 U.S.C.

§ 841(a)(1) (Counts Nine and Ten); use or possession of a firearm during or in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Eleven); possession of a firearm after having been convicted of a crime punishable by more than one year imprisonment, in violation of 18 U.S.C. § 922(g)(1) (Count Twelve); and forfeiture to the United States of all property derived, either directly or indirectly, from the commission of the offense (Count Thirteen). Wilson was tried by jury on December 16-17, 2004, and was found guilty on Counts One through Eight and Count Twelve.

Wilson was sentenced to life in prison on Counts One through Eight and a term of 120 months incarceration on Count Twelve, to be served concurrently. The judgment of the court was affirmed by the United States Court of Appeals for the Fourth Circuit.

## II. STANDARD OF REVIEW

To state a claim for relief under § 2255, a petitioner must prove that one of the following occurred: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such a sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255 (2006). Wilson bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965); Hall v. United States, 30 F. Supp. 2d 883, 889 (E.D. Va. 1998).

## III. ANALYSIS

### A. Ineffective Assistance Claims

Wilson bears the burden of establishing that counsel's failure rose to the level of a Sixth

-2-

Amendment violation under Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, a habeas corpus petitioner must satisfy the two-pronged test set forth in Strickland. First, a petitioner must show "that counsel's performance was deficient," meaning that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Second, a petitioner must show "that the deficient performance prejudiced the defense" to the extent that he was deprived of a fair trial. Id. The prejudice prong requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Strickland establishes a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

### 1. Incorrect Venue Claim

Wilson first claims that his transfer to Lynchburg for trial was inappropriate as no crime was alleged to have occurred in Lynchburg. Wilson claims that counsel provided ineffective assistance by failing to raise and preserve this alleged issue of incorrect venue during the trial. Upon review of the record, the court finds that Wilson's claim fails on the merits as venue was proper in this case. Accordingly, counsel was not deficient for failing to raise this frivolous issue.

Federal Rule of Criminal Procedure 18 provides that "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant and the witnesses, and the prompt administration of justice." The crime in this case was alleged to have taken place in the Western District of Virginia. The United States District Court in

- 3 -

Case 7:07-cv-00267-NKM-mfu Document 18 Filed 08/28/07 Page 3 of 9 Pageid#: 77

Lynchburg, where the trial was held, falls within the Western District of Virginia. Because of renovations at the time of trial in the courthouse in Danville, where the trial was originally to be held, that venue was unsuitable for efficient disposition of the case. Additionally, many witnesses in the trial were prisoners and were housed in Lynchburg. Furthermore, the Lynchburg District Court contains multiple holding cells for prisoner-witnesses, while the Danville District Court only provides a single holding cell. Accordingly, for the purposes of convenience and the prompt administration of justice, the District Court in Lynchburg was the appropriate venue and Wilson is not entitled to § 2255 relief as to his first claim.[1]

## 2. Defective Indictment Claim

Wilson further claims that counsel was ineffective for failing to challenge the indictment as defective. He claims that the indictment was defective and that he was denied fair notice of the charges against him because the "Counts charged Movant in the disjunctive rather instead of properly pleading the charges in the conjunctive." (Pet'r Am. Writ Habeas 2). Wilson claims that because the indictment used the word "or" instead of "and," he "had no idea what to defend against." (Pet'r Am. Writ Habeas 2). After reviewing the record, the court finds that the indictment more than adequately advised Wilson of the offenses charged. Accordingly, counsel was not deficient for failing to raise this frivolous issue.

Post conviction challenges to the sufficiency of an indictment are rarely successful. See Midland Asphalt Corp. v. United States, 489 U.S. 794, 802 (1989); United States v. McDonald, 61 F.3d 248, 252-53 (4th Cir. 1995) (finding that relief from an erroneous indictment after a case has

---

[1] Regardless, Wilson fails to even allege, much less prove, that this venue change and counsel's failure to object to the issue prejudiced the defense to the extent that he was deprived of a fair trial.

-4-

been decided by a petit jury is rarely granted). Federal Rule of Criminal Procedure 7(c)(1) states that the indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged. The United States Court of Appeals for the Fourth Circuit has elaborated that "[t]o pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998); see also Hamling v. United States, 418 U.S. 87 (1974); Russell v. United States, 369 U.S. 749 (1962); U.S. v. Quinn, 359 F.3d 666 (4th Cir. 2004). Here, the indictment against Wilson was not insufficient, as each relevant Count alleges that on or about a specific date, in the Western District of Virginia and elsewhere, Wilson, along with his co-defendants, knowingly and willfully distributed or possessed with the intent to distribute or did aid and abet in the distribution or possession with intent to distribute more than five grams of a mixture or substance containing cocaine base, or "crack," in violation of 21 U.S.C. § 841(a)(1)[2] and 18 U.S.C. § 2[3]. (Resp't Ex. A). Accordingly, as the indictment explicitly referenced the criminal violations alleged against Wilson, and essentially tracked the necessary statutory language, enabling him to be notified of the specific charges against him, the indictment against Wilson was sufficient and this claim is without merit.[4] See Finn v. United States, 256 F.2d 304, 306 (4th Cir. 1958)

---

[2] 21 U.S.C. § 841(a)(1) states that it shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

[3] 18 U.S.C. § 2 states in part that whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

[4] Wilson's claim that he was not given sufficient notice of the charges against him because an unspecified portion of the indictment charged him in the disjunctive rather than the conjunctive form is without merit. The court will assume that Wilson is referring to the additional charges of aiding and abetting found in Counts Two through Ten. The general rule is that alleging statutory alternatives disjunctively is proper, unless wording the charge in that way would

Case 7:07-cv-00267-NKM-mfu   Document 18   Filed 08/28/07   Page 5 of 9   Pageid#: 79

(holding that, in post-conviction challenges, the Fourth Circuit is likely to uphold an imperfectly drafted charge if it contains "words of similar import.").

## B. Prosecutorial Misconduct Claims

Wilson claims that the prosecutor committed misconduct by knowingly using false testimony at trial. To support his claim, Wilson alleges that the testimony of several unnamed police officers at trial contradicted the testimony of several other witnesses concerning the latter witnesses' signatures and handwriting on certain documents. Wilson further alleges that an FBI agent's testimony at trial contradicted his testimony at Wilson's arraignment.[5]

To obtain reversal on the ground that the prosecutor knowingly presented false testimony at trial, a petitioner must show a reasonable likelihood that the false testimony affected the jury's judgment. United States v. Agurs, 427 U.S. 97 (1976); United States v. Espinoza, 641 F.2d 153, 173 (4th Cir. 1981). Wilson fails to identify specific instances of false testimony in the record and

---

leave the defendant in doubt as to which of the two offenses is being charged. 41 Am. Jur. 2d Indictments and Informations § 107 (2007). The charge of conspiracy or aiding and abetting in the possession or distribution with the intent to distribute cocaine are merely alternative statutory charges. As Wilson was given notice of the substantive charges, he is barred from claiming that he lacked fair notice of the charges against him. Furthermore, the United States Court of Appeals for the Fourth Circuit has consistently held that, under 18 U.S.C.A. § 2, one may be convicted of aiding and abetting under an indictment which charges only the principal offense. United States v. Duke, 409 F.2d 669, 671 (4th Cir. 1969). However, the Duke court noted that a good practice, whenever a basis for a charge of aiding and abetting is anticipated before trial, would be to have the indictment framed in the alternative. The indictment in the present matter was stated in precisely that manner. Regardless, as aiding and abetting is implied by an indictment for any crime and need not be separately specified, Wilson's claim lacks merit.

[5] Wilson also claims that the prosecutor committed misconduct by misrepresenting information to the grand jury in order to acquire an indictment. Wilson's challenge to the indictment on this ground is barred by United States v. Mechanik, 475 U.S. 66 (1986). The Supreme Court's decision in Mechanik and subsequent lower court decisions strongly suggest that a jury's conviction erases any deficiencies in the grand jury proceedings. See United States v. Schmidt, 935 F.2d 1440, 1446 n.4 (4th Cir. 1991) (petit jury's verdict rendered alleged prosecutorial misconduct in grand jury harmless); Lovern v. U.S., 689 F. Supp. 569 (E.D. Va. 1988), aff'd, 884 F.2d 1390 (4th Cir. 1989). In Mechanik, the Court held that a violation of Federal Rule of Criminal Procedure Rule 6(d), indicating who may be present while the grand jury is in session, did not warrant reversal of the defendants' convictions because "the petit jury's subsequent guilty verdict means not only that there was probable cause to believe that the defendants were guilty as charged, but also that they are in fact guilty as charged beyond a reasonable doubt."

-6-

Case 7:07-cv-00267-NKM-mfu Document 18 Filed 08/28/07 Page 6 of 9 Pageid#: 80

he offers no evidence to support his conclusory claims. He does not specify the identity of any of the witnesses nor does he elaborate on the alleged perjured testimony. Therefore, not only has Wilson not demonstrated that the government knowingly elicited false testimony from trial witnesses, but he has also not shown, in light of all of the other incriminating evidence presented during his trial, that this alleged inaccurate testimony would have convinced the jury to render a verdict of not guilty. Accordingly, Wilson's allegations are insufficient to support a claim under applicable law and are without merit.

### C. Fair Trial Claims

Wilson claims that he was denied a fair trial when the government witnesses allegedly "manufactured evidence against him." (Pet'r Writ Habeas 6). Wilson supports this claim by alleging that the guns used as evidence at trial were "not the guns used in the reports filed." (Pet'r Writ Habeas 6). He alleges that the serial numbers on the guns did not match and that unspecified expert testimony illustrated that the guns were different. To the extent that Wilson is claiming insufficiency of the evidence, the court notes that a § 2255 motion is not the proper forum for such a claim. An attack on the sufficiency of the evidence is not cognizable under § 2255. Sonnier v. United States, 314 F.2d 69, 71 (4th Cir. 1963); Dockery v. United States, 237 F.2d 518 (4th Cir. 1956); Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949). In reviewing a § 2255 petition, the role of the court is limited to those challenges that could not have been raised on appeal. See United States v. Frady, 456 U.S. 152, 165 (1982); Wainwright v. Sykes, 422 U.S. 97 (1977). Accordingly, this court will not reevaluate the sufficiency of the evidence in support of the gun charges.

Wilson further claims that he was denied a fair trial because he was forced to attend trial in "jail clothes" rather than clothes that his family allegedly brought for him to wear. Wilson claims that this prejudiced his defense at trial. The court in Bousley v. United States, 523 U.S. 614, 622 (1998), held that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent. Not only did Wilson fail to raise his this claim on direct review, but he also fails to demonstrate any of the Bousley requirements.[6] Accordingly, Wilson is precluded from raising this claim because this claim is procedurally defaulted.[7]

## IV. CONCLUSION

Accordingly, the court will grant Respondent's Motion to Dismiss as to all claims. An appropriate Order shall be issued this day.

---

[6] Proof that counsel provided ineffective assistance at trial as defined in Strickland v. Washington, 466 U.S. 668 (1984), can serve as cause for default of a claim that could have been raised in direct appeal proceedings. See Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). In his response to the government's Motion to Dismiss, Wilson now states that he "asked his attorney to object to the issue" at trial but that his attorney failed to do so. (Pet'r Resp. 1). Wilson claims that this was ineffective assistance of counsel. However, Wilson fails to cite any portion of the record that supports such a claim or which otherwise suggests that he objected to wearing prison attire during the course of his trial. He also fails to prove or even allege that his family adhered to the procedure and requirements of providing court clothing as set forth by the United States Marshals Service for the Western District of Virginia. Accordingly, as discussed previously, all of Wilson's claims that trial counsel provided ineffective assistance are without merit; as such, they cannot serve as cause to excuse procedural defaults of other claims.

[7] Regardless, Wilson's substantive claim lacks merit. The court in Estelle v. Williams, 425 U.S. 501(1976), held that, although the state cannot compel an accused to stand trial before a jury while dressed in identifiable prison clothes, the failure to make an objection to the court as to being tried in such clothes, for whatever reason, is sufficient to negate the presence of compulsion necessary to establish a constitutional violation. Wilson did not meet the prerequisite showing necessary for an Estelle claim as he failed to object at trial. See U.S. v. Rendelman, No. 91-5671, 1992 WL 172095 (4th Cir. July 23, 1992) (holding that a defendant must show both that he was compelled to wear prison attire and that he did not fail to object (citing Estelle, 425 U.S. at 512))).

- 8 -

**ENTER:** This 28th day of August, 2007.

_____
United States District Judge

- 9 -